IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NACHAIYA KAMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 4:19-cv-4682 |
| v. | § | |
| | § | (JURY TRIAL DEMANDED) |
| TIRR MEMORIAL HERMANN, | § | |
| | § | |
| Defendant. | § | |

**SECOND MOTION TO COMPEL PLAINTIFF'S DEPOSITION
AND REQUEST FOR ORAL HEARING**

Defendant Memorial Hermann Health System d/b/a TIRR Memorial Hermann (incorrectly named as TIRR Memorial Hermann in Plaintiff's Original Complaint) ("Memorial Hermann" or "Defendant") files this Second Motion to Compel Plaintiff's Deposition under Federal Rules of Civil Procedure 30 and 37.  In support thereof, Memorial Hermann respectfully shows the Court as follows:

**I.
STATEMENT OF THE ISSUES TO BE RULED ON BY THE COURT**

Because Plaintiff has resisted Memorial Hermann's repeated attempts to schedule her deposition for nearly three months, ignored the Court's order compelling her to attend her deposition, and ignored Memorial Hermann's Notice of Intent to Take Plaintiff Deposition, Memorial Hermann respectfully asks the Court to compel Plaintiff's attendance at a deposition on Wednesday, February 3, 2021, to occur at the United States District Courthouse at 515 Rusk Street, Houston, Texas  77002, and to set a hearing on this Motion at its earliest convenience.

## II.
## NATURE AND STAGE OF PROCEEDINGS

Given the multiple motions and responses related to Plaintiff's deposition filed in this matter, the Court is doubtlessly familiar with the procedural background of this case. Memorial Hermann briefly summarizes the history relevant to this motion as follows:

To date, the parties have exchanged written discovery only. Memorial Hermann made three unsuccessful attempts to schedule Plaintiff's deposition prior to seeking the Court's involvement. *See* Doc. 40. Plaintiff failed to respond to Memorial Hermann's outreach and filed a Motion to Compel and Motion for Protective Order without first conferring with Memorial Hermann—as the Federal Rules of Civil Procedure require—in an apparent attempt to avoid scheduling her deposition. Doc. 39. Plaintiff's refusal to cooperate in the scheduling of her deposition forced Memorial Hermann to seek relief from the Court by way of a Motion to Compel Plaintiff's Deposition and Extend the Discovery Deadline for Limited Purposes, which the Court granted on December 14, 2020, and ordered Plaintiff to appear for her deposition on December 18, 2020. Docs. 40; 43. The next day, Plaintiff demanded, for the first time, that her deposition occur virtually and refused to sit for an in-person deposition. *See* Doc. 40. The same day, Plaintiff filed a motion with the court requesting that the Court order Memorial Hermann to conduct her deposition virtually on December 18th. Doc. 45.

Memorial Hermann attempted to confer with Plaintiff regarding dates for a virtual deposition. When those efforts failed, Memorial Hermann filed a response to Plaintiff's motion in which it explained to the Court that it could not accommodate Plaintiff's request on such short notice and requested that the Court order Plaintiff to sit for a virtual deposition on December 22, 2020. Doc. 46. In response, Plaintiff indicated that she would provide Memorial Hermann with dates for a virtual deposition by December 21, 2020. When she failed to do so, Memorial Hermann

2

served Plaintiff with a Notice of its intent to take her deposition virtually on January 5, 2021. *See* Doc. 32, Ex. M.  Plaintiff filed a Motion to Compel TIRR for Written Depositions to Plaintiff the next day, which Memorial Hermann responded to and requested that the Court order Plaintiff to appear for a virtual deposition on January 5, 2021.  Docs. 50; 53.  Plaintiff then filed a Reply to Memorial Hermann's Response in Opposition to Plaintiff's Motion to Compel and for Protective Order in which she also requested that the Court quash the Notice of Deposition.  Doc. 52.[1] Memorial Hermann sent Plaintiff multiple emails prior to January 5, 2021, inquiring as to whether Plaintiff intended to appear for the deposition noticed for January 5, 2021.  Ex. A.  Plaintiff failed to respond to these emails and failed to appear for her deposition. Ex. B, Certificate of Non-Appearance.

Because Plaintiff refuses to appear for a deposition, despite Defendant's repeated efforts, and refuses to even engage with Defendant's counsel on the subject, Defendant now files this Second Motion to Compel and requests an Oral Hearing on the same.

### III.
### ARGUMENTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 30, a party may depose another party without leave of court.  If a party refuses to attend a noticed deposition, the district court may compel the party's attendance on motion by the opposing party.  FED. R. CIV. P. 30(a)(1), 37(a)(1).  Indeed, a district court may compel the party's attendance even when the movant has not formally noticed a deposition and waited for the non-movant to fail to appear.  *See Robinson v. Dall. Cty. Cmty. Coll. Dist.*, No. 3:14-cv-4187-D, 2016 WL 1273900, at *2-3, 4-6 (N.D. Tex. Feb. 18, 2016) (mem. op). The Federal Rules of Civil Procedure do not prescribe by which of the available methods a party's

---

[1] To the extent Doc. 52 could be construed as a Motion to Quash Memorial Hermann's Notice of Deposition, Memorial Hermann submits this Motion as a response to that Motion.

3

deposition must be taken. Rather, Rule 26(c) allows a party, in limited circumstances, to seek a protective order "prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). A court may grant this remedy only when the moving party has shown that the protective order is necessary to protect the movant from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

As detailed above, Memorial Hermann has made several attempts since October 2020 to schedule Plaintiff's deposition on a mutually agreeable date. Yet for nearly three months, Plaintiff has refused to respond to Memorial Hermann's outreach, declined to comply with the Court's orders, and ignored Memorial Hermann's Notice of its intent to take her deposition, which has left Memorial Hermann without Plaintiff's deposition or even a proposed date for when her deposition will occur. Further, Plaintiff has failed to show that sitting for her deposition would cause her undue burden, annoyance, embarrassment, or would be oppressive. Her attempt to quash Memorial Hermann's Notice of its intent to take her deposition therefore fails to satisfy Rule 26(c)'s requirements and should be denied. Memorial Hermann respectfully requests that the Court compel Plaintiff's attendance at a deposition on February 3, 2021. Given the contentious nature of discovery in this matter thus far, Memorial Hermann additionally requests that the Court order that Plaintiff's deposition occur at the United States District Courthouse at 515 Rusk Street, Houston, Texas 77002. Finally, given Plaintiff's repeated filings of discovery motions without abiding by her duty to meet and confer with Memorial Hermann prior to filing, Memorial Hermann requests that the Court set a hearing on this Motion at its earliest convenience.

## IV.
## CONCLUSION

For the reasons herein, Memorial Hermann respectfully requests that the Court order Plaintiff's attendance at her deposition on February 3, 2021, to occur at the United States District

Courthouse at 515 Rusk Street, Houston, Texas 77002.  Further Memorial Hermann respectfully requests that the Court set a hearing for this Motion at its earliest convenience.

Dated: January 15, 2021

OF COUNSEL:

Michael Wilson
Montana State Bar No. 42333131
State Bar No. 24120409
Federal I.D. No. 3574846
miwilson@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards (Attorney-in-Charge)
State Bar No. 24041775
Federal I.D. No. 560755
kedwards@littler.com
**LITTLER MENDELSON**
**A PROFESSIONAL CORPORATION**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

**ATTORNEYS FOR DEFENDANT**
**MEMORIAL HERMANN HEALTH SYSTEM D/B/A**
**TIRR MEMORIAL HERMANN**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 15th day of January, 2021, a true and correct copy of the foregoing document was duly served via certified mail, return receipt requested, email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:

Nachaiya Kama
P.O. Box 570111
Houston, Texas  77257
chacha365@yahoo.com

**PRO SE PLAINTIFF**

*/s/ Kelley Edwards*
Kelley Edwards

**CERTIFICATE OF CONFERENCE**

      I, Kelley Edwards, state that my co-counsel and I attempted to confer with Plaintiff on numerous occasions, as detailed in the above motion, regarding her deposition and availability for the same. Having not received any response from Plaintiff in response to any of these inquiries, and given her unwillingness to appear at her previously noticed deposition, I presume that she is opposed to this motion.

                                                    */s/ Kelley Edwards*
                                                    Kelley Edwards

4844-7237-9606.1 070168.1067